**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 01-10775
Summary Calendar

---

MICHAEL L. DORSETT,

Plaintiff-Appellant,

versus

G.A. HUG, Sergeant, in his individual capacity;
F.D. Chambers, Sergeant, in his individual capacity;
JOHN DOES #1-20, in their individual capacities,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-259-A
--------------------------------------------------------
January 25, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Michael L. Dorsett appeals the district court's dismissal of his complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Dorsett has abandoned any argument regarding the district court's refusal to consider the unidentified officers as parties to the action. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Dorsett alleged that the defendants violated his constitutional rights to privacy and due process, the Racketeer Influenced and Corrupt Organizations ("RICO") statute, 18 U.S.C. § 1962, and the Wire and Electronic Communications Interception and Interception of Oral Communications

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("the Wiretapping Act") statute, 18 U.S.C. § 2511, by conducting unauthorized undercover surveillance of him, unlawfully taping his conversations, and turning over those tapes to a third party.

Dorsett asserted that the fruits of the defendants' actions were not used against him in any criminal proceeding, were not made known to the judge who accepted his guilty plea, and were not the basis of his guilty plea. Accordingly, there is no basis for the district court's conclusion that a holding in Dorsett's favor on these claims would necessarily call into question the validity of his conviction. The district court's dismissal of these claims as barred by Heck is vacated and the case remanded for further proceedings.

To the extent Dorsett alleged that his guilty plea was coerced by the defendants, success in his favor would necessarily call into question the validity of his conviction and the district court's dismissal of this claim under Heck is AFFIRMED.

Dorsett's motion for appointment of appellate counsel is DENIED.

AFFIRMED IN PART, VACATED AND REMANDED IN PART; MOTION DENIED.